**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PHILLIP CHARLES MOORE,

Petitioner,

v.

JERRY HOWELL, et al.,

Respondents.

Case No. 2:21-cv-01639-APG-VCF

**ORDER**

(ECF Nos. 1, 4)

Petitioner Phillip Charles Moore, a Nevada state prisoner proceeding *pro se*, has filed a petition for writ of habeas corpus (ECF No. 1-1) under 28 U.S.C. § 2254. This habeas matter is before me for initial review under the Rules Governing Section 2254 Cases,[1] as well as consideration of Moore's Motion for Appointment of Counsel (ECF No. 1-2). For the reasons discussed below, I direct service of the petition, instruct the respondents to respond, and deny Moore's motion.

Habeas Rule 4 requires me to examine the habeas petition and order a response unless it "plainly appears" that Moore is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Moore challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County, Nevada. *State of Nevada v. Philip Moore*, Case No. C-17-328060-1.[2] On July 26, 2018, that court entered a judgment of conviction for burglary while in possession of a firearm and robbery with use of a deadly weapon. Moore did not directly appeal his conviction. In July

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] I take judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

2019, Moore filed a state petition for writ of habeas corpus. *Phillip Moore v. Warden Jerry Howell*, Case No. A-19-798303-W. The state court denied post-conviction relief. Moore filed a post-conviction appeal. The Supreme Court of Nevada affirmed the denial of relief in August 2021, and a remittitur issued the following month.

On September 3, 2021, Moore initiated this federal habeas corpus proceeding *pro se*. ECF No. 1. I instructed him to file an application for leave to proceed in forma pauperis or resolve the filing fee, and he timely complied. ECF Nos. 3, 4. I will now direct service of the petition and a response.

Turning to Moore's motion for appointment of counsel, there is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointed counsel "when the interests of justice so require"). *Id.* § 3006A(a)(2). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). When a petitioner has a good understanding of the issues and the ability to present his contentions forcefully and coherently, no attorney is legally required. *LaMere*, 827 F.2d at 626.

The petition in this case appears sufficiently clear in presenting the issues that Moore wishes to raise, and the legal issues are not particularly complex. He has demonstrated sufficient ability to write and articulate his claims, submitted numerous filings, and followed the court's instructions to resolve the filing fee. I appreciate that it is difficult for *pro se* petitioners to pursue their habeas claims and almost every *pro se* party would benefit from representation by counsel. But Moore has made no showing as to why denial of counsel would amount to a denial of due process. As such, the motion is denied.

I THEREFORE ORDER:

1. Petitioner Phillip Charles Moore's Motion for Appointment of Counsel (ECF No. 1-2) is DENIED.

2. The Clerk of Court is directed to file the petition (ECF No. 1-1).

3. The Clerk of the Court is directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for the respondents and to provide the respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

4. The respondents will have **60 days** from the date the petition is electronically served to appear in this action and answer or otherwise respond to the petition.

5. If the respondents file an answer to the petition, Moore may file a reply within **30 days** from the date the answer is filed and served. If the respondents file a motion to dismiss instead of an answer, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice.

6. Any procedural defenses the respondents raise in this case must be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss may be subject to waiver. The respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If the respondents seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, will be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

7. In any answer filed on the merits, the respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

8. The respondents must file the state court exhibits relevant to their response to the petition, in chronological order.

9. All state court records and exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit must then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

10. Notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits *need not* be provided to chambers or to the staff attorney, unless later directed by the court.

Dated: December 8, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE