UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PHILLIP CHARLES MOORE,<br><br>　　　　　　　Petitioner,<br>v.<br>JERRY HOWELL, et al.,<br><br>　　　　　　　Respondents. | Case No. 2:21-cv-01639-APG-VCF<br><br>**ORDER**<br><br>(ECF Nos. 4, 9, 13, 20) |

　　　　Petitioner Phillip Charles Moore, a Nevada state prisoner, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The respondents move to dismiss Ground 1 of Moore's petition as unexhausted and Ground 3 as duplicative. ECF No. 13. Moore moves for appointment of counsel. ECF No. 9. I will appoint counsel, allow Moore to file a counseled amended petition, and deny the respondents' motion to dismiss without prejudice.

**I.　　Background**

　　　　Moore challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Philip Moore*, Case No. C-17-328060-1.[1] Prior to sentencing, Moore moved to withdraw his guilty plea and the state court denied his motion. Exs. 9, 12. The state court entered a judgment of conviction for burglary while in possession of a firearm and robbery with use of a deadly weapon, and sentenced Moore to an aggregate total of a maximum 35-year term with a minimum parole eligibility of 12 years. Ex. 17. Moore did not directly appeal his conviction.

　　　　In July 2019, Moore filed a *pro se* state petition for writ of habeas corpus and supplemental petition with the assistance of counsel. Exs. 21, 32. The Supreme Court of Nevada affirmed the state court's denial of relief. Ex. 66. On September 3, 2021, Moore initiated this federal habeas corpus proceeding *pro se*. ECF No. 1. I instructed him to file an application for leave to proceed in forma pauperis or resolve the filing fee, and he timely complied. ECF No. 3, 8. Moore resolved

---

[1] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do

1

the filing fee so his application to proceed *in forma pauperis* is denied as moot.

The respondents now move to dismiss Ground 1 of Moore's petition as unexhausted. ECF No. 13 at 3. They further argue that Ground 3 is duplicative of Ground 2 and should be dismissed. *Id*. at 4. Moore did not respond to the motion to dismiss and the time to do so has expired.

**II.     Discussion**

   **a. Appointment of Counsel**

Moore seeks the appointment of counsel to assist him in this habeas action. There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue habeas relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id*. § 3006A(a)(2) (authorizing appointment of counsel "when the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Here, the appointment of counsel furthers the interests of justice. Moore is serving a lengthy sentence of 12 to 35 years in the aggregate. His motion represents that another inmate assisted Moore in filing his motion for appointment of counsel and that Moore has poor reading and writing skills. ECF No. 9. Attached to his motion is a letter from San Bernadino City Unified School District referring to a psychological evaluation showing that Moore received special education services. *Id*. at 2. Appointment of counsel is appropriate. Accordingly, I grant Moore's motion for appointment of counsel and provisionally appoint the Federal Public Defender's Office as counsel.

   **b. Motion to Dismiss**

Because I will appoint counsel and grant Moore leave to file an amended petition, I deny the respondents' motion to dismiss without prejudice.

/ / / /

      **c. Motion to Seal**

The respondents seek leave to file under seal two documents in the index: Exhibit 7, which is Moore's presentence investigation report (PSI) dated December 26, 2017(ECF No. 21-1); and Exhibit 14, which is Moore's supplemental presentence investigation report dated July 20, 2018(ECF No. 21-2). Under Nevada law, the PSI is "confidential and must not be made a part of any public record." Nev. Rev. Stat. § 176.156(5).

Based on *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and its progeny, the compelling need to protect Petitioner's safety, privacy, and personal identifying information outweighs the public interest in open access to court records. Accordingly, the respondents' motion to seal is granted and Exhibits 7 and 14 are considered properly filed under seal.

**III.  Conclusion**

I THEREFORE ORDER:

1. Petitioner Phillip Charles Moore's Application for Leave to Proceed *in forma pauperis* (**ECF No. 4**) **is DENIED** as moot.

2. Moore's Motion for Appointment of Counsel **(ECF No. 9) is GRANTED**.

3. The respondents' Motion to Dismiss **(ECF No. 13) is DENIED** without prejudice.

4. The respondents' Motion to Seal **(ECF No. 20) is GRANTED.**

5. The Federal Public Defender is provisionally appointed as counsel and will have until **August 22, 2022** undertake direct representation of Moore or to indicate the office's inability to represent him in these proceedings. If the Federal Public Defender is unable to represent Moore, I will appoint alternate counsel. Counsel will represent Moore in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition or seeking other relief will be set after counsel has entered an appearance. I anticipate setting the deadline for approximately 90 days from entry of the formal order of appointment.

6. Any deadline established and any extension thereof will not signify any implied finding

of a basis for tolling during the time period established. Moore at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition or by granting any extension, I make no finding or representation that the petition, any amendments, or any claims are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

7. The Clerk of Court will **SEND** a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division. The Clerk will further provide the Federal Public Defender with copies of all prior filings in this case by regenerating notices of electronic filing or through such other means as is expedient for the Clerk.

Dated: July 19, 2022.

                                              ANDREW P. GORDON
                                              UNITED STATES DISTRICT JUDGE