# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Phillip Charles Moore,

     Petitioner

v.

Jerry Howell,

     Respondents

Case No.: 2:21-cv-01639-APG-MDC

**Order Granting Petitioner's
Motion to Strike, Motion to Extend,
and Motion to Seal**

[ECF Nos. 36, 43, 46]

     Phillip Charles Moore filed a 28 U.S.C. § 2254 petition for writ of habeas corpus.  The respondents move to dismiss Moore's first amended petition as untimely, alleging that Grounds 1, 2, 3(B), and 4 do not relate back to his original petition. ECF No. 38.  Moore moves to strike the portion of the motion to dismiss relating to timeliness, or in the alternative, for a more definite statement. ECF No. 43.  Moore also moves to extend time (ECF No. 46) to file his opposition to the motion to dismiss and moves to seal certain exhibits (ECF No. 36).

**Discussion**

**I.**     **Motion to Strike**

     In their motion to dismiss, the respondents argue that Moore cannot demonstrate that Grounds 1, 2, 3(B), and 4 of the amended petition relate back to his original petition because they do not share a common core of operative facts.[1] ECF No. 38 at 3-6.  The respondents included legal standards for the Anti-Terrorism and Effective Death Penalty Act (AEDPA) statute of limitations, relation back, and exhaustion generally. *Id.*  In addition, the respondents

---

[1] Moore asserts that there is no Ground 3(B), but only a Ground 3. ECF No. 43 at 2.  It appears that the respondents separated Moore's ineffective assistance of counsel claim asserted in Ground 3 into two parts. *See* ECF No. 38 at 3.

listed the grounds Moore raised in his original petition and first amended petition respectively. *Id*. at 2-3.

Moore argues that the respondents' motion to dismiss was not specifically pleaded, did not provide fair notice, and failed to comply with the notice pleading standard of the Federal Rules of Civil Procedure. ECF No. 43 at 5-7. He asserts that the respondents do not articulate how any particular claim in the amended petition fails to relate back to the original petition beyond conclusory statements. *Id*. at 3.

Habeas Rule 5(b) states that "The answer must address the allegations in the petition. It must also state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." Although this rule does not mention the specificity of response required in a motion to dismiss, until recently it was a longstanding practice in this district for respondents to identify in such motions the particular grounds that they claimed did not relate back and to explain why. Although the respondents have listed the grounds that they claim do not relate back, which Moore asserts is *every* ground, the respondents did not identify the reasons why they do not relate back. The respondents rely on the Ninth Circuit's decision in *Ross v. Williams*, in which the court noted that the burden to prove relation back falls on the habeas petitioner—a point that Moore does not dispute. 950 F.3d 1160, 1172 (9th Cir. 2020) (*en banc*). However, the respondents in *Ross* identified specific claims as well as the reasons they did not relate back.

Here, the respondents' timeliness challenge evades the spirit, if not the letter, of the specificity requirement in Habeas Rule 5(b). And it frustrates the judicial process by ensuring that the heart of the relation-back issues is not reached until the respondents' reply brief, depriving Moore of the fair opportunity to address it, and leaving the court with an incomplete

analysis.  To avoid this scenario and ensure fairness in this process, I grant the motion to strike and for a more definite statement, strike the untimeliness argument in the motion to dismiss, and deny the remainder of the motion without prejudice to the respondents' ability to reassert it in a renewed motion.  I also allow the respondents to either answer the second amended petition or file a renewed motion to dismiss in which they specifically explain their untimeliness argument and any relation-back arguments on a claim-by-claim basis.

**II.    Motion to Extend**

Moore seeks an extension of time to file his opposition to the respondents' motion to dismiss until I issue a ruling on his motion to strike.  I find that the request is made in good faith and not solely for the purpose of delay, and therefore, good cause exists to grant the motion.  If the respondents' file a renewed motion to dismiss as provided herein, Local Rule LR 7-2(b) governs the response and reply time.

**III.    Motion to Seal**

Moore seeks leave to file under seal Exhibits 5-9 in support of his first amended petition. ECF No. 36.  Exhibits 5, 6, and 9 contain medical information and psychological records related to Moore.  The need to protect medical privacy generally qualifies as a "compelling reason" for sealing records. *Abbey v. Hawaii Emp'rs Mut. Ins. Co. (HEMIC)*, 760 F. Supp. 2d 1005, 1013 (D. Haw. 2010); *see also* Nev. Rev. Stat. § 433A.715(1) (requiring courts to seal records related to mental health treatment).  Exhibits 7 and 8 are presentence investigation reports.  Under Nevada law, the PSI is "confidential and must not be made a part of any public record."  Nev. Rev. Stat. § 176.156(5).

Having reviewed and considered the matter in accordance with *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the compelling need to

protect Moore's safety, privacy, and personal identifying information outweighs the public interest in open access to court records.  Accordingly, the motion is granted and Exhibits 5-9 are considered properly filed under seal.

### Conclusion

I THEREFORE ORDER as follows:

1. Moore's motion to strike **(ECF No. 43) is granted**.  The Clerk of the Court is directed to strike the respondents' motion to dismiss (ECF No. 38).

2. The respondents will have until **May 10, 2024** to file either a renewed motion to dismiss or an answer.  The briefing schedule in the August 22, 2022, order (ECF No. 24) otherwise remains in effect.

3. Moore's unopposed first motion to extend **(ECF No. 46) is granted**.

4. Moore's motion to seal **(ECF No. 36) is granted**.  The documents filed at ECF No. 37 will remain under seal.

DATED this 9th day of April, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE