UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PHILLIP CHARLES MOORE,

    Petitioner,

v.

JERRY HOWELL, et al.,

    Respondents.

Case No. 2:21-cv-01639-APG-MDC

**ORDER**

(ECF Nos. 48; 53)

The respondents have filed a motion (ECF No. 48) to dismiss the first-amended petition, and an unopposed motion (ECF No. 53) for enlargement of time to file their reply in support of the motion to dismiss.

**Background**

During the state trial-court proceedings, petitioner Phillip Moore was represented by attorney Frank Kocka for entry of guilty pleas under a plea agreement. ECF Nos. 14-7; 14-8. Moore was represented by attorney Adam L. Gill for a motion to withdraw the guilty pleas, which was denied, and sentencing. ECF Nos. 14-11; 15-2; 15-7; 15-8. Moore filed a pro se state habeas petition and a counseled supplemental memorandum of points and authorities in support of the state petition. ECF Nos. 15-11; 16-1; 16-3. The Nevada Court of Appeals affirmed the denial of the petition. ECF Nos. 17-1; 17-12; 18-5. Moore filed a pro se federal petition (ECF No. 6) and, following appointment of counsel, a counseled first-amended petition. ECF No. 34.

**Discussion**

    **A. Motion to Dismiss**

The respondents seek dismissal of Grounds 1–3 of the first-amended petition as untimely or, alternatively as unexhausted; dismissal of Ground 4 as unexhausted; and a ruling that I may not consider certain exhibits that were not presented to the state courts. ECF No. 48 at 5–11. Moore contends Grounds 1–3 are timely because they relate back to the original petition; Grounds 1–4 are exhausted or alternatively unexhausted by procedural default; he can overcome the defaults; and I may consider the new exhibits submitted in support of his claims. ECF No. 49 at 4–20.

The parties agree the original petition (ECF No. 6) is timely and the counseled first-amended petition (ECF No. 34) is untimely. ECF Nos. 48 at 4; 49 at 4; 54 at 1–2.

Grounds 1–3 are timely, Ground 3 is exhausted, Grounds 1 and 2 are unexhausted by procedural default, and Ground 4 is partially exhausted and partially unexhausted by procedural default. I defer ruling whether Moore can overcome the defaults until I consider the merits of the petition. I may not consider exhibits that were not presented to the state courts (ECF Nos. 35-4; 37-1; 37-2 and 37-5), because Moore has not met the requirements of 28 U.S.C. § 2254(e)(2).

**1. Relation Back**

A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act (AEDPA) one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading. Fed. R. Civ. P. 15(c). "[T]he relation back doctrine of Rule 15(c) is to be liberally applied." *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1259 n.29 (9th Cir. 1982). Documents filed pro se are liberally construed. *See Ross v. Williams*, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020).

An untimely amendment properly "relates back to the date of the original pleading" if it arises out of the same "conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B). "Relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005). "An amended habeas petition 'does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.'" *Hebner v. McGrath*, 543 F.3d 1133, 1138 (9th Cir. 2008) (citing *Mayle*, 545 U.S. at 650.) "The original and amended claims must, instead, be tied to a common core of operative facts." *Id.* (citing *Mayle*, 545 U.S. at 664.)

Relation back does not require "the facts in the original and amended petitions be stated in the same level of detail." *Ross*, 950 F.3d at 1168. "Relation back may be appropriate if the later pleading merely corrects technical deficiencies or expands or modifies the facts alleged in the earlier pleading, restates the original claim with greater particularity, or amplifies the details of

2

the transaction alleged in the preceding pleading." *Ross*, 950 F.3d at 1168 (internal brackets, quotation marks, and citation omitted).

### a. Ground 1

Ground 1 alleges attorney Kocka was ineffective by failing to investigate Moore's intellectual disability and, but for failure to do so, counsel would have realized Moore did not enter pleas that were knowing and voluntary. ECF No. 34 at 5–10.  The respondents argue Ground 1 does not relate back because the original petition did not "allege ineffective assistance of counsel for failure to investigate, let alone mention intellectual disability." ECF No. 48 at 5–6.

I liberally construe relation back and the original pro se petition and find Ground 1 relates back to Ground 1 of the original petition.  Ground 1 of the original petition alleged attorney Gill, not attorney Kocka, was ineffective for failing to support the motion to withdraw the guilty plea by making "the judge aware of [Moore's 'lifelong'] learning disabilities" and the disability adversely affected Moore's ability to understand the guilty plea agreement, resulting in guilty pleas that were not knowing and voluntary. ECF No. 6 at 3–4, 6–7, 10.  Ground 1 appropriately expands or modifies the facts alleged in Ground 1 of the original petition to include a failure to investigate intellectual disability. *See Ross*, 950 F.3d at 1168.  Although Ground 1 alleges ineffective assistance against a different attorney for a different proceeding than Ground 1 of the original petition, the claims arise from a common core of operative facts, i.e., counsel's failure to uncover Moore's lifelong learning or intellectual disability and utilize the information with respect to Moore's guilty plea agreement. *See e.g.*, *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296–97 (9th Cir. 2013) (claim of ineffective assistance of appellate counsel for failing to raise double jeopardy related back to a timely raised substantive double jeopardy claim), *abrogated on other grounds by Davila v. Davis*, 582 U.S. 521 (2017).  The motion to dismiss Ground 1 as untimely is denied.

### b. Ground 2

Ground 2 alleges attorney Kocka's failure to investigate Moore's defenses—including a misidentification defense related to one of the offenses charged—led Moore to take a plea that was not knowing and voluntary. ECF No. 34 at 10–12.  The respondents contend Ground 2 does

not relate back because the original petition claimed only that attorney Kocka failed to "go through the plea with Moore" and ensure Moore "understood the difference between consecutive and concurrent time" ECF No. 48 at 6.

I liberally construe relation back and the original petition and conclude Ground 2 relates back to Ground 2 of the original petition. Ground 2 of the original petition alleged attorney Kocka "did not discuss at any meaningful length with [Moore]—the evidence against him, the strength of the State's case and possible defenses," did not "talk about the case strengths and weaknesses adequately and possible defenses available," and that this "weakened his ability to make a knowing and voluntary plea." ECF No. 6 at 11–12, 16. Ground 2 appropriately expands or modifies the facts alleged in the original petition by alleging attorney Kocka failed "to investigate" defenses including a specific defense. See *Ross*, 950 F.3d at 1168. Ground 2 alleges a new legal theory but is based on the same common core of operative facts alleged in Ground 2 of the original petition concerning attorney Kocka's failure to advise Moore about defenses to the charges in determining whether to accept the plea offer and enter guilty pleas. See *Mayle*, 545 U.S. at 664 ("So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."). The motion to dismiss Ground 2 as untimely is denied.

      **c.   Ground 3**

Ground 3 alleges attorney Gill provided ineffective assistance by arguing the wrong legal standard in the motion to withdraw the pleas and failing to present evidence in support of the motion. ECF No. 34 at 12–14. The respondents argue the original petition does not allege facts pertaining to attorney performance during the hearing on the motion to withdraw the plea. ECF No. 48 at 6. Ground 3 relates back to Ground 1 of the original petition because the latter alleged attorney Gill was ineffective by arguing an incorrect standard in the "4-page plea withdrawal motion," should have "stressed" "the correct standard of review for plea withdrawal," and "[s]hould have made the judge aware of [Moore's] learning disabilities." ECF No. 6 at 3–7, 10. The motion to dismiss Ground 3 as untimely is denied.

////

### 2. Exhaustion

A state prisoner first must exhaust state court remedies on a habeas corpus claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement ensures state courts, as a matter of comity, have the first opportunity to address and correct alleged violations of federal constitutional guarantees. See *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). To satisfy the exhaustion requirement, a claim must be raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. See *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999).

Fair presentation requires a petitioner to present the state courts with both the operative facts and the federal legal theory upon which the claim is based. See *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)). A petitioner may reformulate his claims so long as the substance of his argument remains the same. See *Picard v. Connor*, 404 U.S. 270, 277–78 (1971) (observing "[t]here are instances in which 'the ultimate question for disposition,' will be the same despite variations in the legal theory or factual allegations urged in its support.") (internal citation omitted). "A claim has not been fairly presented in state court if new factual allegations either 'fundamentally alter the legal claim already considered by the state courts,' . . . or place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it." *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986)). A state appellate court decision on the merits of a claim exhausts the claim. See, e.g., *Comstock v. Humphries*, 786 F.3d 701, 707 (9th Cir. 2015).

### a. Ground 1

Ground 1 alleges attorney Kocka's failure to investigate Moore's intellectual disability resulted in pleas that were not knowing and voluntary. ECF No. 34 at 5. The respondents argue

Moore never claimed in the state court proceeding that his attorneys failed to investigate intellectual disability; rather, Moore argued counsel failed to explain the plea agreement, inform the court about Moore's learning disabilities, advise the court of the correct standard for plea withdrawal, and present family history and education. ECF No. 48 at 8–9.

Moore argues he fairly presented Ground 1 in his appeal to the Nevada Court of Appeals by alleging attorney Kocka knew "so little about his client that he did not ascertain his inability to comprehend things" and "neither his first nor second attorney spent enough time with him investigating, providing documentation to the court on his lack of intelligence." ECF No. 49 at 12–13 (citing ECF No. 17-12 at 23–24). Moore alleges the Nevada Court of Appeals acknowledged the claim by stating "Moore argued his counsel was ineffective for failing to explain the plea agreement to him in an understandable manner. Moore contended he did not understand the plea agreement because he is of low intelligence and counsel should have done a more thorough job of explaining the plea agreement to him due to his comprehension issues." ECF No. 49 at 13 (citing ECF No. 18-5 at 3).

Ground 1 was not fairly presented to the state courts or, alternatively, fundamentally alters the claim of ineffective assistance of attorney Kocka that was presented to the state courts. *Vasquez*, 474 U.S. at 260. In his state postconviction proceeding, Moore claimed his "second trial attorney" Gill, not attorney Kocka, failed to present evidence of a learning disability to support the motion to withdraw the guilty pleas and at sentencing. ECF Nos. 16-1 at 16–17, 22; 17-12 at 22–23, 26. By contrast, Moore claimed attorney Kocka "did not adequately explain the consequences" of the guilty plea agreement. ECF Nos. 15-11 at 9–10; 17-12 at 23.

The allegations that attorney Kocka lacked knowledge about Moore did not give the state appellate court notice of an independent claim against attorney Kocka for failing to investigate intellectual disability as those statements were embedded in the claim that attorney Gill was ineffective. See *Picard*, 404 U.S. at 277 (holding claim unexhausted where the facts were presented but the constitutional claim inherent in those facts was never brought to the attention of the state courts and therefore failed to provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim). The inquiry

6

into whether a petitioner has fairly presented his claim to the state's highest court "is not mechanical, but requires examination of what the petitioner said and the context in which she said it." *Galvan v. Alaska Dep't of Corr.*, 397 F.3d 1198, 1205 (9th Cir. 2005). "It is not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made. *Id.* (internal citation omitted). And, although a claim can be fairly presented even if the state courts do not address it, here neither the state district court nor the Nevada Court of Appeals addressed the claim raised by Ground 1, and Moore did not seek rehearing claiming those courts failed to address it. ECF Nos. 17-1 at 9–10; 18-5 at 3–4.

### b. Ground 2

Ground 2 alleges attorney Kocka failed to investigate Moore's defenses, which led Moore to accept the plea agreement and enter guilty pleas, neither of which were knowing and voluntary. ECF No. 34 at 10 (citing ECF Nos. 17-12; 18-3; 18-5). The respondents argue Ground 2 is unexhausted because, although Moore raised this claim in a reply brief in support of his state petition, the claim was not raised on appeal from the denial of the state postconviction petition. ECF No. 48 at 9. Moore contends he fairly presented this claim in his opening brief appealing the denial of the petition when he argued "there was a lack of defense provided by Kocka and that Kocka never discussed the strengths and weaknesses of Moore's case," and his plea was not knowing and intelligent "because Kocka failed to make [sic] the adversarial testing of the State's case." ECF No. 49 at 13–14 (citing ECF No. 17-12 at 23).

Moore did not present this claim in his pro se state petition. ECF No. 15-11. His counseled state supplemental petition alleged attorney Kocka was ineffective for failing to "talk about the case strengths and weaknesses adequately and possible defenses . . ." or "discuss at any meaningfully [sic] length with him—the evidence against him, the strength of the State's case and possible defenses available" and that this "weakened [Moore's] ability to make a knowing and voluntary plea." ECF No. 16-1 at 19–21. In the reply in support of the petition, Moore argued attorney Kocka was ineffective because he "did absolutely no adversarial testing of the State's case," and failed to file "discovery requests" or make motions or test the case "in anyway

7

shape or form." ECF No. 16-3 at 6.  Moore further alleged he "thought one of his attorneys had told him they had found someone who did do the crime or would have helped his case," but Moore "never heard follow up on this." *Id.* at 8.

After filing his reply in support of the state petition, Moore attempted to file affidavits to support his petition, including an affidavit of Thomas Davis who identified another individual in bank surveillance video for one of the crimes alleged against Moore. ECF No. 16-12.  Moore's postconviction counsel obtained Davis's affidavit from the attorney who represented Moore in the state justice court before Kocka represented Moore. ECF No. 16-8 at 3.  Moore claimed Kocka might have been missing Davis's affidavit and the affidavit was "significant because it goes to the heart of the argument of Mr. Moore's likelihood of taking the matter to trial had he known, understood and been fully informed of the details of the plea agreement which he tried to be released from prior to sentencing." *Id.* at 3–4.  Moore submitted his own affidavit stating that "No one really explained to me defense that could be made or investigations that could be done. Or about alibi defenses." ECF No. 16-12 at 7.

The state district court struck the affidavits of Davis and Moore because they were untimely filed after the filing of the reply brief for the state postconviction petition. ECF No. 16-15 at 9. And in ruling on the petition, the state district court did not address a claim that trial counsel was ineffective in failing to investigate defenses; it ruled, however, to the extent Moore was relitigating his motion to withdraw his guilty plea in his state postconviction petition, Moore had acknowledged at the time he entered his pleas that he and his attorney discussed "possible defenses." ECF No. 17-1 at 13–14.

On appeal from the denial of the petition, Moore filed a counseled opening brief alleging the state district court erred in finding the arguments raised as to the ineffectiveness of his second attorney Gill were waived and by striking the affidavits of Davis and Moore. ECF No. 17-12 at 22–38.  Moore did not separately state a claim Kocka was ineffective for failing to investigate defenses; however, he argued in the body of his claim that the state district court erred in denying his claims against attorney Gill, "the first counsel did not provide a defense at all to the point of presumed prejudice," "did not talk about the case strengths and weaknesses and possible

defenses," was ineffective because he provided "an entire lack of defense," "did absolutely no adversarial testing on the State's case," and that "it is unfathomable an attorney would urge his client to settle 11 counts of Felony B crimes without so much as filing discovery requests or making and [sic] motions or testing the case in any way shape or form." *Id.*

Ground 2 is unexhausted because it was not fully and fairly presented to the Nevada Court of Appeals. The statements Moore attributes to his opening brief for his postconviction appeal were made in the body of the claim that the state district court erred with respect to the claims of ineffective assistance concerning the representation of Moore's second attorney Gill, and the arguments about Kocka's failure to provide a defense did not fairly alert the state court that Moore was advancing a claim against attorney Kocka for failure to investigate defenses. ECF No. 17-12 at 22–31. *See, e.g.*, *Baldwin v. Reese*, 541 U.S. 27, 29–31 (2004) (petitioner failed to exhaust state remedies when he referenced the Sixth Amendment in relation to his claim that trial counsel was ineffective, but failed to reference it again with respect to his separate claim for ineffective assistance of appellate counsel); *see also Galvan*, 397 F.3d at 1205 (whether a petitioner has fairly presented his claim to the state's highest court requires examination of what the petitioner said and the context in which he said it).

Although elsewhere in the state's opening brief on appeal, Moore referred to the Davis affidavit, notarized in 2017, concerning the misidentification defense, he did so in the context of requesting an evidentiary hearing to prove there is a reasonable probability that, but for counsel's failure to explain the plea agreement, he would have taken the matter to trial. ECF No. 17-12 at 42. Moore's references to the Davis affidavit in the request for an evidentiary hearing did not fairly notify the state appellate court that Moore was raising a claim of ineffective assistance as to attorney Kocka for failing *to investigate* a misidentification defense or any other defense.

The Nevada Court of Appeals addressed a claim that attorney Kocka was ineffective for failing to explain the plea agreement to Moore in an understandable manner, and acknowledged Moore claimed his counsel did not "discuss the case or possible defenses with him," but did not acknowledge a claim that Kocka was ineffective for failing to investigate defenses. ECF No. 18-5 at 3–4. The state appellate court ruled Moore acknowledged in his guilty plea agreement "that

he discussed 'any possible defenses, defense strategies and circumstances which might be in my favor' with his counsel." *Id.*  Again, although a claim can be fairly presented even if the state courts do not address it, here neither the state district court nor the state appellate court addressed a claim that Kocka failed to investigate defenses, and Moore did not seek rehearing contending either of those courts overlooked such a claim. ECF Nos. 17-1; 18-5 at 3.

### c. Ground 3

Ground 3 alleges attorney Gill was ineffective for arguing the wrong standard and failing to present evidence to support the motion to withdraw the guilty plea. ECF No. 34 at 12–13. The respondents argue Moore did not exhaust these claims because, in his pro se state petition, Moore alleged only that attorney Gill was ineffective at sentencing and did not allege facts pertaining to performance during the hearing on the motion to withdraw the pleas. ECF No. 48 at 10.

Moore exhausted the claims in Ground 3.  His state postconviction counsel raised these claims in the supplemental petition (ECF No. 16-1 at 14–18) and on appeal from the denial of the petition (ECF No. 17-12 at 22–23), and the Nevada Court of Appeals addressed them in its order of affirmance (ECF No. 18-5 at 4–5).  Ground 3 is exhausted.

### d. Ground 4

Ground 4 alleges attorney Gill provided ineffective assistance by failing to present mitigation evidence at sentencing, including (1) affidavits from Moore's sisters about Moore's special education and struggles with comprehension and reading; (2) a neuropsychologist's 2023 evaluation attesting to Moore's intellectual disabilities; (3) family history; and (4) witnesses to speak on behalf of Moore. ECF No. 34 at 14–15.  Moore claims that, although the state district court and state appellate court declined consideration of the affidavits of Moore's sisters, Moore nonetheless fairly presented the claim to the state court. ECF No. 49 at 15.  The respondents argue Ground 4 is unexhausted because the state appellate courts declined to consider the affidavits of Moore's sisters, the expert evaluation did not exist, and the state appellate courts never considered any of the supplemental materials for this claim. ECF No. 48 at 10.

/ / / /

Ground 4 is partially exhausted and partially unexhausted. It is exhausted to the extent the state appellate court was presented with the claim and the evidence to support the claim in a proper procedural context. ECF Nos. 16-1; 17-12. Ground 4 is otherwise unexhausted. First, Moore untimely filed affidavits executed by Moore, his sisters, his girlfriend, and Thomas Davis, along with emails and letters of counsel. ECF Nos. 16-12; 18-5 at 6–7. The state courts declined to consider the claims to the extent they incorporated those affidavits and information because they were not presented to the state courts in a timely fashion. *Id.* Here, to the extent Ground 4 incorporates those affidavits and information (ECF No. 16-12) that were stricken by the state courts as untimely filed, Ground 4 is unexhausted as the claim was not presented to the state courts in a procedural context in which the merits of the claim, so constituted, would be or was considered by the state appellate court. *See Castille v. Peoples,* 489 U.S. 346, 351 (1989) (holding that raising a claim in a procedural context in which the merits would not be considered absent special and important reasons does not constitute fair presentation for purposes of exhaustion). Second, Ground 4 is unexhausted to the extent Moore incorporates the educational records and 2023 expert's evaluation (ECF Nos. 35-4, 37-1, 37-2, and 37-5) as that evidence was never presented to the state courts and would now place the claim in Ground 4 in a significantly different and stronger evidentiary posture than it was when the state courts considered it. *See Dickens*, 740 F.3d at 1318.

### 3. Procedural Default

A state prisoner who fails to comply with state-law procedural requirements in presenting his claims in state court is barred by the "adequate and independent state ground" doctrine from obtaining a writ of habeas corpus in federal court. *See Coleman*, 501 U.S. at 731–32 ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default

and prejudice resulting from it. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *See Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). To demonstrate prejudice, a petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

Ineffective assistance of postconviction counsel may serve as cause with respect to a claim of ineffective assistance of trial counsel. *Martinez v. Ryan*, 566 U.S. 1 (2012). "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial counsel if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 566 U.S. at 17; *see also Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (regarding the showing necessary to overcome a procedural default under *Martinez*). Nevada law requires prisoners to raise ineffective assistance of counsel claims for the first time in a state petition seeking postconviction review, which is the initial collateral review proceeding for the *Martinez* rule. *See Rodney v. Filson*, 916 F.3d 1254, 1259–60 (9th Cir. 2019).

Moore would face multiple procedural bars if he were to return to state court with his unexhausted claims. *See, e.g.*, NRS 34.726; 34.810. I view Moore's opposition as a concession that the only basis for cause as to the unexhausted ineffective assistance of trial counsel claim in Grounds 1, 2, and 4 would be *Martinez*, and I will consider such claims technically exhausted by procedural default. ECF No. 49 at 4, 10, 17. The respondents disagree that the claims are substantial. ECF No. 54 at 2, 11. Because the question of procedural default is intertwined with the underlying merits of the claims, full merits briefing may assist me with its determinations,

and best serves judicial efficiency. I therefore defer a determination on whether Moore can demonstrate cause and prejudice until the time of merits determination. The respondents may renew the procedural default argument as to Grounds 1, 2 and 4 in their answer.

**4. Consideration of Exhibits**

The respondents request that I not consider certain exhibits because Moore failed to develop or present them during the state court proceedings. ECF No. 48 at 10–11 (citing ECF Nos. 35, 35-1, 35-4, 36, and 37). The respondents' motion appears to refer to only the following exhibits that were not filed during the state postconviction proceedings: (1) Curriculum vitae of Dr. Brian D. Leany, Ph.D. (ECF No. 35-4); (2) Multidisciplinary Team Psychoeducational Assessment Report (ECF No. 37-1); (3) Individualized Educational Program (ECF No. 37-2); and (4) Cognitive Assessment by Dr. Brian D. Leany, Ph.D. (ECF No. 37-5).

Moore counters that the respondents' argument is premature because the question of what evidence can be considered is a merits-based question. ECF No. 49 at 18 n.43. Moore alternatively argues I may consider the new evidence because Moore was not at fault for failing to develop the factual basis of his claims. *Id.* at 17–18. He claims his state postconviction counsel was thwarted by the state courts from developing evidence to support his claims as he was refused an evidentiary hearing and the state court refused to allow Moore to supplement his claims with evidence. *Id.*

Generally, the merits of claims raised in a federal habeas corpus petition are decided on the record that was before the state court when it adjudicated a claim. *See Cullen v. Pinholster*, 563 U.S. 170, 180–81 (2011). AEDPA restricts a federal habeas court's authorization to hold an evidentiary hearing or consider evidence where an applicant failed to develop the factual basis for a claim in state court proceedings:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>     (A)    the claim relies on—
>         (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2)(A)–(B). Although 28 U.S.C. § 2254(e)(2) refers to evidentiary hearings, the Supreme Court has interpreted its provisions to apply to consideration of evidence. *See McLaughlin v. Oliver*, 95 F.4th 1239, 1248–49 (9th Cir. 2024) (acknowledging "the Court in *Shinn* reaffirmed that [2254(e)(2)]'s restrictions also apply 'when a prisoner seeks relief based on new evidence *without* an evidentiary hearing'") (citing *Shinn v. Ramirez*, 596 U.S. 366, 389 (2022) and quoting *Holland v. Jackson*, 542 U.S. 649, 653 (2004)).

For purposes of determining whether a petitioner must meet the requisites of 28 U.S.C. § 2254(e)(2), the term "fail" means "the prisoner must be 'at fault' for the undeveloped record in state court." *See Williams v. Taylor*, 529 U.S. 420, 432, 434 (2000) ("Under the opening clause of § 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel."). *See also Shinn*, 596 U.S. at 383 (affirming § 2254(e)(2) applies "when a prisoner 'has failed to develop the factual basis of a claim'").

"Diligence for purposes of [§ 2254(e)(2)'s] opening clause depends upon whether the prisoner made a reasonable attempt, *in light of the information available at the time*, to investigate and pursue claims in state court; it does not depend . . . upon whether those efforts could have been successful." *Williams*, 529 U.S. at 435 (emphasis added). "While 'diligence' has not been precisely defined in this context, the Supreme Court has advised that '[d]iligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law.'" *Libberton v. Ryan*, 583 F.3d 1147, 1165 (9th Cir. 2009) (quoting *Williams*, 529 U.S. at 437.) "The proper question when considering a petitioner's diligence 'is not whether the facts could have been discovered but instead whether the prisoner was diligent in his efforts.'" *Id.* (citing *Williams*, 529 U.S. at 435.)

The Supreme Court has stated the opening clause of 28 U.S.C. § 2254(e)(2) is triggered by state-postconviction-review counsel's failure to investigate matters for which counsel was on notice in any but a cursory manner. *See Williams*, 529 U.S. at 439–440. *See also Shinn*, 596 U.S. at 371, 385 (holding the negligence of postconviction counsel is attributed to the prisoner and "the equitable rule announced in *Martinez*" does not permit a federal court "to dispense with § 2254(e)(2)'s narrow limits because a prisoner's state postconviction counsel negligently failed to develop the state-court record").

Moore's supplemental brief in support of the state postconviction petition filed in 2020 included a letter dated November 19, 2018 to Moore from the San Bernardino City Unified School District. ECF No. 16-1 at 85. The letter states that it was accompanied by copies of Moore's IEP and Psychological Evaluation showing he received Special Education services from that school district. *Id.* Thus, Moore and his state postconviction counsel were each on notice of Moore's IEP, Psychological Evaluation, and learning and intellectual disability in more than a cursory manner. *See Williams*, 529 U.S. at 439–440. *See also Shinn*, 596 U.S. at 371, 385. Yet neither Moore nor his postconviction counsel submitted the IEP or Psychological Evaluation to the state courts for their consideration. And neither Moore nor his postconviction counsel requested funds to hire an expert to prepare an evaluation. Therefore, Moore was not diligent for purposes of 28 U.S.C. § 2254(e)(2), and Moore must meet the requirements of that section before I may consider the exhibits (ECF Nos. 35-4, 37-1; 37-2; and 37-5) that were not presented to the state courts during the state postconviction proceedings.

Because Moore has not presented a basis to conclude he meets the requirements of § 2254(e)(2), I will not consider ECF Nos. 35-4; 37-1; 37-2; or 37-5 in my consideration of the merits of the petition.

**B. Unopposed Motion for Enlargement of Time**

The respondents filed an unopposed motion (ECF No. 53) for enlargement of time to file a reply in opposition to the motion to dismiss. I find the motion is made in good faith and not solely for the purpose of delay, and therefore good cause exists to grant the motion *nunc pro tunc*.

### C. Order to Supplement the Record

The respondents omitted from the filing of the state-court record a copy of the reporter's transcript of proceedings for the July 24, 2018 sentencing hearing. *See* Rules Governing Section 2254 Cases, Rule 7; *McDaniels v. Kirkland*, 813 F.3d 770, 773 (9th Cir. 2015) (holding federal habeas courts "may consider the entire state-court record, including evidence that was presented only to the trial court."); *Nasby v. McDaniel*, 853 F.3d 1049, 1052–54 (9th Cir. 2017) (remanding to the district court to consider the entire state court record). The transcript filed for the sentencing hearing as ECF No. 15-5 reports a different hearing, not the July 24, 2018 sentencing hearing. There appears to be no other filing in this court of the reporter's transcript for a hearing at which Moore was sentenced by the state district court. I direct the respondents to locate and file with this court as an exhibit the reporter's transcript for Moore's sentencing hearing held in the state district court.

**Conclusion**

      **I THEREFORE ORDER**:

1. The respondents' motion for enlargement of time to file the reply in support of the motion to dismiss (**ECF No. 53**) **is GRANTED *NUNC PRO TUNC*.** The reply (ECF No. 54) is considered timely filed.

2. The respondents' motion to dismiss **(ECF No. 48)** is **GRANTED IN PART AND DENIED IN PART**. The motion to dismiss **Grounds 1–4 is DENIED** and the motion to exclude consideration of the exhibits filed as ECF Nos. 35-4; 37-1; 37-2; and 37-5 is **GRANTED**.

3. The respondents are ordered to supplement the record with the reporter's transcript of sentencing proceedings in the underlying case held in the state district court on July 24, 2018 within 30 days of the entry of this order. Moore will have 15 days after the filing of the supplemental exhibit to admit or deny the correctness of the exhibit.

/ / / /

/ / / /

/ / / /

4. The respondents have 60 days from the date of entry of this order to answer the first-amended petition. Moore will have 30 days from the date on which the answer is served to file a reply.

Dated: January 2, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE