UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Phillip Charles Moore,<br><br>    Petitioner<br><br>v.<br><br>Jerry Howell[1],<br><br>    Respondents | Case No.: 2:21-cv-01639-APG-MDC<br><br>**Order Denying Amended Petition and Certificate of Appealability**<br><br>[ECF No. 34] |

Phillip Charles Moore has filed a counseled First Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 34.  I deny the First Amended Petition and a Certificate of Appealability.

**I.   Background**

Moore was charged in state court with two counts of burglary while in possession of a firearm, four counts of robbery with use of a deadly weapon, one count of conspiracy to commit robbery, two counts of attempted robbery with use of a deadly weapon, one count of burglary, and one count of attempted robbery. ECF No. 14-4 at 9.  Moore pleaded guilty to one count of burglary while in possession of a firearm and one count of robbery with use of a deadly weapon. ECF No. 15-7.  Under the guilty plea agreement, the State agreed not to seek habitual criminal treatment, but both parties retained the right to argue for any sentence. ECF No. 14-8.

Moore informed the state district court that he wanted to withdraw his guilty plea. ECF No. 14-10.  The court appointed Adam Gill to represent Moore, and he filed a motion to

---

[1] The state corrections department's inmate locator page indicates that Moore is incarcerated at the Southern Desert Correctional Center.  Ronald Oliver is the current warden for that facility. At the end of this order, I direct the Clerk of the Court to substitute Ronald Oliver as respondent in place of Jerry Howell under Rule 25(d) of the Federal Rules of Civil Procedure.

withdraw guilty plea. ECF No. 14-11.  The court denied Moore's motion to withdraw his guilty plea and sentenced Moore to an aggregate term of 12 to 35 years. ECF Nos. 15-2, 15-7.

The state district court denied Moore's state habeas petition. ECF No. 17-1.  The Nevada Court of Appeals affirmed the denial of relief. ECF No. 18-5.  Moore filed his *pro se* federal petition. ECF No. 6.  Following appointment of counsel, Moore filed his First Amended Petition alleging four claims for relief. ECF No. 34.  I denied the respondents' motion to dismiss Grounds 1-4, deferring consideration on whether Moore can demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012), to overcome the procedural default for Grounds 1, 2, and 4[2]. ECF No. 56.  However, I granted the respondents' motion to exclude certain exhibits. *Id*.

## II.     Governing Standard of Review

### a.    Review under the Antiterrorism and Effective Death Penalty Act

The Antiterrorism and Effective Death Penalty Act sets forth the standard of review generally applicable in *habeas corpus* cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is contrary to clearly established Supreme Court precedent within the meaning of 28 U.S.C. § 2254(d) "if the state court applies a rule that

---

[2] I found that Ground 4 was partially unexhausted to the extent Moore incorporates educational records and an expert's evaluation. ECF No. 56 at 11.  Moore filed untimely affidavits before the state courts that the state courts declined to consider. *Id*.

contradicts the governing law set forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (first quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and then citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)).  A state court decision is an unreasonable application of clearly established Supreme Court precedent within the meaning of 28 U.S.C. § 2254(d) "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 75.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### b. Standard for Evaluating an Ineffective Assistance of Counsel Claim

In *Strickland*, the Supreme Court propounded a two-prong test for analysis of ineffective assistance of counsel (IAC) claims requiring the petitioner to demonstrate that: (1) the counsel's "representation fell below an objective standard of reasonableness[;]" and (2) the counsel's deficient performance prejudices the petitioner such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).  Courts considering an ineffective assistance of counsel claim must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689.  It is the petitioner's burden to show "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* at 687.  Additionally, to establish prejudice under

*Strickland*, it is not enough for the petitioner to "show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693.  Rather, errors must be "so serious as to deprive [the petitioner] of a fair trial, a trial whose result is reliable." *Id.* at 687.

Where a state court previously adjudicated the ineffective assistance of counsel claim under *Strickland*, establishing the court's decision was unreasonable is especially difficult. *See Richter*, 562 U.S. at 104-05.  In *Richter*, the Supreme Court clarified that *Strickland* and § 2254(d) are each highly deferential, and when the two apply in tandem, review is doubly so. *See id.* at 105; *see also Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010) (internal quotation marks omitted).  The Court further clarified, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105.

### c. Standard for Evaluating Procedurally Defaulted Claims

"A federal habeas court generally may consider a state prisoner's federal claim only if he has first presented that claim to the state court in accordance with state procedures." *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022).  Where a petitioner fails to do so and therefore "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule," federal habeas review "is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

For claims of ineffective assistance of trial counsel, a petitioner may overcome cause for procedural default of the claim where (1) the claim of ineffective assistance of trial counsel is a "substantial" claim; (2) the "cause" consists of there being "no counsel" or only "ineffective"

4

counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective assistance of trial counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."[3] *Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (quoting *Martinez*, 566 U.S. at 14, 18; citing *Coleman*, 501 U.S. 722). An ineffective assistance of trial counsel claim "is insubstantial" if it lacks merit or is "wholly without factual support." *Martinez*, 566 U.S. at 14-16 (citing *Miller-El v. Cockrell*, 537 U.S. 322 (2003)).

"[T]he standard for evaluating the underlying trial counsel IAC claim during the *Martinez* prejudice analysis is not as stringent as that required when considering the merits of the underlying [*Strickland*] claim." *Leeds v. Russell*, 75 F.4th 1009, 1017-18 (9th Cir. 2023) (citing *Michaels v. Davis*, 51 F.4th 904, 930 (9th Cir. 2022) ("[A] conclusion on the merits of [a trial counsel IAC] claim under *Strickland* holds a petitioner to a higher burden than required in the *Martinez* procedural default context, which only requires a showing that the [trial counsel IAC] claim is 'substantial.'")). While review of trial counsel's actions in a *Martinez* prejudice analysis is conducted under a more relaxed standard, the *Strickland* standard is applied with full force when considering the actions of initial postconviction review counsel for a *Martinez* cause analysis. *See Leeds*, 75 F.4th at 1022. The requirements of cause and prejudice are distinct but, "[t]he analysis of whether both cause and prejudice are established under *Martinez* will necessarily overlap," as "each considers the strength and validity of the underlying ineffective assistance claim.'" *Ramirez v. Ryan*, 937 F.3d 1230, 1241 (9th Cir. 2019). On all such issues, if

---

[3] Nevada prisoners are required to raise IAC claims involving trial counsel in an initial state-postconviction petition, which is the initial collateral review proceeding for purposes of applying *Martinez*. *See Rodney v. Filson*, 916 F.3d 1254, 1259-60 (9th Cir. 2019).

reached, the court's review is *de novo*. *See, e.g.*, *Detrich v. Ryan*, 740 F.3d 1237, 1246-48 (9th Cir. 2013); *Atwood v. Ryan*, 870 F.3d 1033, 1060 n.22 (9th Cir. 2017).

### III.   Discussion

#### a.   Ground 1 —validity of guilty plea re: ineffective assistance for failure to investigate Moore's intellectual disability

In Ground 1, Moore alleges that his plea was not knowing and voluntary because his counsel rendered ineffective assistance by failing to investigate Moore's intellectual disability. ECF No. 34 at 5-10. Moore asserts that he did not understand the nature of his plea and its consequences. *Id*. at 5. He did not understand the meaning of consecutive versus concurrent and he pleaded guilty believing that he could potentially be eligible for parole after two years. *Id*. at 7. In addition, he believed the maximum sentence he could receive was 30 years, when he faced 45 years on the high end. *Id*. Moore asserts that he would not have pleaded guilty had he understood the guilty plea agreement, and his counsel failed to ensure that he understood the agreement. *Id*.

##### i.   Background Information

At the plea canvass, the state district court asked Moore if he understood the sentencing range, "[d]o you understand as to the burglary … while in possession of a firearm, [the court] must sentence you to the Nevada Department of Corrections for a term not less than two years, not more than 15 years…?" and Moore acknowledge that he understood. ECF No. 14-7 at 4. He also answered affirmatively when asked if he understood that the charge was a probationable offense. *Id*.

The state district court asked him if he understood "as to the robbery with use of a deadly weapon, [the court] must sentence you to the Nevada Department of Corrections for a term not

less than two years, not more than 15 years, plus a consecutive term of not less than one year, not more than 15 years, for the deadly weapon, and that is not probationable.…" *Id*. Moore acknowledge that he understood. *Id*. He affirmed that he read through the agreement, that his attorney answered any questions he had, that he discussed the case and his rights with his attorney, and that the sentencing was strictly up to the state district court. *Id*. at 5-6.

The guilty plea memorandum reiterates the consequences of the plea, including the sentencing ranges for both offenses as detailed in the plea canvass. ECF No. 14-8 at 3. The guilty plea memorandum further provides that Moore discussed any possible defenses with his counsel. *Id*. at 6.

Moore asserts he "suffers from very low intelligence." ECF No. 70 at 13. He was on an individualized education plan (IEP) during his childhood and was in special education. ECF Nos. 16-1 at 85, 16-10. He has significant learning disabilities. ECF No. 16-12. Moore's sister proffered that even as an adult Moore struggled with comprehension, would just go along with things, and had difficulty reading. *Id*. at 10.

### ii. Standard for a Valid Guilty Plea

The federal constitutional guarantee of due process requires that a guilty plea be knowing, intelligent, and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). The relevant inquiry is whether a petitioner's guilty plea was voluntary and intelligent under the totality of the circumstances. *See Alford*, 400 U.S. at 31; *Brady*, 397 U.S. at 749.

If "a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill*, 474 U.S. at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). The Supreme Court has held "that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Id.* at 58. The deficient-performance prong remains the same. *Id.* at 58–59. But the prejudice-prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. So "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

### iii. Analysis

Ground 1 is not substantial within the meaning of *Martinez* because Moore fails to demonstrate deficient performance under *Strickland*. Moore's statements before the state district court during the guilty plea canvass and in the written plea agreement must be presumed truthful. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also United States v. Kaczynski*, 239 F.3d 1108, 1114–15 (9th Cir. 2001) (in-court statements of defendant entering plea carry "substantial weight"). Attached to the guilty plea memorandum is a certificate of Moore's counsel attesting that Moore was competent and understood the charges and consequences of pleading guilty. ECF No. 14-8 at 8. Moore's counsel appears to have made a reasonable decision that investigating Moore's cognitive abilities prior to pleading guilty was unnecessary. *See Deere v. Cullen*, 718 F.3d 1124, 1147 (9th Cir. 2013) (explaining that "what matters is not whether [the defendant] had a mental illness that affected his decision, but whether he had a mental illness that affected his capacity to

understand his situation and make rational choices"). Moore has not demonstrated that reasonable jurists would debate counsel's failure to investigate the validity of Moore's guilty plea. *See Strickland*, 466 U.S. at 691 ("In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.").

Because Moore's claim is not substantial, Moore fails to overcome the procedural default of Ground 1. Ground 1 is dismissed as procedurally defaulted.

### b. Ground 2—validity of guilty plea re: ineffective assistance for failure to investigate defenses

In Ground 2, Moore alleges that his plea was not knowing and voluntary because his counsel rendered ineffective assistance by failing to investigate Moore's defenses. ECF No. 34 at 10. Specifically, he asserts that counsel failed to investigate the defense that Moore was not the person who burglarized Bank of America, and that Moore was not the owner of a vehicle that was abandoned at the scene of the crime. Moore contends that "[n]o one really explained to me defenses that could be made or investigations that could be done." ECF No. 70 at 19.

#### i. Background Information

Moore was charged with burglary of a Bank of America. ECF No. 34 at 11. The Clark County Public Defender's Office (CCPD) initially represented Moore and obtained an affidavit from a witness, Thomas Davis. ECF No. 70 at 17. Davis's affidavit proffered that Moore was not the person in the Bank of America surveillance footage, but that it was another person named G-man. ECF No. 16-8 at 3. Davis informed police officers that he didn't know Moore. *Id*. A red Saturn was abandoned at the Bank of America and matched the description of the getaway car

used in other burglaries. ECF No. 16 at 4.  Davis explained that Moore was not the driver of the red Saturn. ECF No. 16-8 at 8-9.

The CCPD moved to withdraw as counsel for Moore due to a conflict based on their previous representation of Davis. ECF No. 14-2 at 17-19.  Attorney Kocka was appointed to represent Moore. ECF No. 14-1 at 22.  Kocka received the CCPD's file for Moore.  ECF No. 16-8 at 3.  Kocka resolved the case by the guilty plea agreement within two weeks of his appointment as counsel.

### ii. Analysis

Ground 2 is not substantial within the meaning of *Martinez* because Moore fails to demonstrate deficient performance or resulting prejudice under *Strickland*.  As provided above, in the guilty plea memorandum, Moore attested that he discussed any possible defenses and defense strategies with his counsel. ECF No. 14-8 at 6.  He attested that he believed he was accepting the plea bargain in his best interests. *Id*.  The record demonstrates that Moore understood the consequences and benefits of his guilty plea and that he entered the guilty plea knowingly, intelligently, and voluntarily.

To demonstrate prejudice from counsel's failure to advise him of a potential defense, Moore must show that the defense would have succeeded at trial. *Hill*, 474 U.S. at 59.  He has not done so.  The amended criminal complaint charged Moore with eleven felonies, including multiple counts of burglary while in possession of a firearm, burglary with use of a deadly weapon, and attempted robbery with use of a deadly weapon. ECF No. 14-4 at 9-13.  There were multiple victims and witnesses. *Id*. at 59-69.  There was video surveillance from multiple locations. *Id*.  Although Davis proffered that he did not know Moore, Davis was an alleged co-conspirator, which likely would have been grounds for impeachment at trial. *Id*.  In exchange for

pleading guilty, the State dropped nine charges against Moore, and he received the benefit of reduced exposure at sentencing. *See Padilla v. Kentucky*, 599 U.S. 356, 372 (2010) ("[P]etitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.")  In light of the evidence against Moore, he failed to demonstrate prejudice.

Because Moore's claim is not substantial, Moore fails to overcome the procedural default of Ground 2.  Ground 2 is dismissed as procedurally defaulted.

### c.  Ground 3—ineffective assistance re: motion to withdraw plea

In Ground 3, Moore alleges that counsel rendered ineffective assistance by arguing the wrong standard in the motion to withdraw plea and failing to present evidence in support of the motion to withdraw plea. ECF No. 34 at 12.  In the motion to withdraw plea, counsel used the manifest injustice standard rather than the lower "substantial reason" standard used in presentence motions to withdraw under Nevada law. *Id*.  Moore asserts that counsel failed to present evidence in the motion, including declarations from Moore's sisters and expert evidence demonstrating Moore's lower intellectual capacity. *Id*. at 13.

#### i.  State Court Determination

The Nevada Court of Appeals held:

> Moore argued his counsel was ineffective during proceedings concerning Moore's presentence motion to withdraw guilty plea. Moore asserted that counsel should have attempted to present information concerning Moore's learning disabilities in an effort to demonstrate that Moore did not understand the plea agreement. Moore also contended counsel failed to advise the trial-level court of the proper fair-and-just standard for withdrawal of a plea and instead improperly claimed that Moore should be permitted to withdraw his guilty plea due to manifest injustice.
>
> As stated previously, Moore claimed in the motion to withdraw guilty plea that counsel did not adequately explain the potential sentences he faced by entry of his guilty plea and that he did not fully understand he could be sentenced to serve consecutive terms. The trial-level court reviewed Moore's presentence motion to withdraw guilty plea and concluded he was not entitled to relief because his claims were belied by the record. Because the trial-level court denied the motions on the

11

> grounds that Moore's claims were belied by the record, Moore did not demonstrate a reasonable probability of a different outcome had his counsel attempted to present information concerning Moore's learning disability or asserted he was entitled to relief based on the fair-and-just standard. Therefore, we conclude the district court did not err by denying this claim without conducting an evidentiary hearing.

ECF No. 18-5 at 4-5.

### ii. Analysis

The Nevada Court of Appeals' determination is neither contrary to, nor constitutes an unreasonable application of, federal law as determined by the Supreme Court, and is not based on any unreasonable determinations of fact.

The Nevada appellate court's determination that Moore failed to demonstrate prejudice was not an unreasonable application of *Strickland*. Moore did not establish that the evidence counsel omitted would have been sufficient to establish that his plea was not knowing and voluntary even under the lower standard under Nevada law. Given the extensive plea canvass and Moore's affirmations that he read the agreement before signing it, there is not a reasonable probability that the state district court would have allowed Moore to withdraw his plea. Moore is therefore denied federal habeas relief on Ground 3.

### d. Ground 4—ineffective assistance: mitigation at sentencing

In Ground 4, Moore alleges that counsel rendered ineffective assistance by failing to present mitigation evidence at sentencing, such as declarations from his sisters, expert evidence, and information related to Moore's childhood. ECF No. 34 at 14. He asserts that counsel failed to present evidence that Moore was in special education, has a low overall IQ score, and was diagnosed with a mild intellectual disability. *Id*. at 15. Counsel did not present evidence that Moore was removed from his home because of his mother's substance addictions and was physically abused by his father, uncle, and cousins. *Id*.

12

i. **Background Information**

Moore's presentence investigation report (PSI) provided the following about Moore's childhood:

> The defendant's parents lived together until the defendant was eight years old because his mother was using drugs. Although he initially resided with his father, Child Protective Services became involved due to his mother's drug use. At that point, the defendant and his sister resided with his father. The worst thing that happened to him as a child was when his mother passed away at the age of 13. The defendant reported getting "whooping's" from his father until the defendant was 13 years old. His father used switches, "anything he could get his hands on."

ECF No. 21-1 at 3.

At the July 3, 2018 sentencing hearing, Moore expressed remorse and apologized to the victims and their families. ECF No. 57-1 at 6. Counsel highlighted that Moore accepted responsibility for his actions and was remorseful, and asked the court to impose a term of three-to-eight years. *Id*. at 8. Counsel argued that the State's request of eight-to-thirty years "is incredibly harsh" and reserved for the "worst of the worst," and highlighted the agreement that the State would not seek habitual criminal treatment. *Id*. at 7.

The court remarked that it had considered Moore's "3 priors and these events … obviously, they are quite violent. [The court] can only imagine how these people felt when they were being robbed." *Id*. at 8. The stated that the sentence took "into consideration the nature of the offense, the potential danger to the individuals involved here as well as any public members who could have entered the premises at the same time and other people that were present that same time." *Id*. at 9.

ii. **State Court Determination**

The Nevada Court of Appeals held:

> Moore argued his counsel was ineffective at the sentencing hearing for failing to present mitigation evidence concerning Moore's learning disability. Moore also

13

> asserted counsel should have presented information to provide sentencing court a better picture of Moore's life.
>
> At the sentencing hearing, the sentencing court listened to the arguments of the parties concerning the appropriate sentences. Counsel requested leniency because Moore accepted responsibility for his actions and felt empathy towards the victims. The sentencing court responded it had decided to impose sentence [sic] based upon its consideration of the nature of the offenses and the potential danger involved in Moore's crimes. The district court also noted that Moore had multiple prior felony convictions and his crimes in this matter were "quite violent." In light of the record concerning the sentencing hearing, and in particular the sentencing court's stated reasons for imposing a lengthy prison sentence, Moore failed to demonstrate a reasonable probability of a different outcome had counsel presented mitigation evidence or attempted to present additional information about Moore's life. Therefore, we conclude the district court did not err by denying this claim without conducting an evidentiary hearing.

ECF No. 18-5 at 5-6.

### iii. Analysis

The Nevada Court of Appeals' determination is neither contrary to nor an unreasonable application of federal law as determined by the Supreme Court, and is not based on an unreasonable determination of fact.

Moore fails to demonstrate a reasonable probability that his sentencing would have been different if counsel presented the omitted mitigation evidence. Given the aggravating evidence and the circumstances of the crime, Moore fails to establish a reasonable probability that the proffered mitigation evidence would have led to a different sentence. *See Wiggins v. Smith*, 539 U.S. 510, 534 (2003) ("In assessing prejudice, [this Court] reweigh[s] the evidence in aggravation against the totality of the available mitigating evidence."); *see also Wong*, 558 U.S. at 27–28 ("It is hard to imagine expert testimony and additional facts about Belmontes' difficult childhood outweighing the facts of [the] murder.").

14

Moore had three prior felony convictions. ECF No. 21-1 at 4-5. He entered a convenience store, displayed a firearm to the employee, and demanded money. *Id*. at 6. He and another accomplice entered a bar armed with firearms and demanded money from the register. *Id*. They held five victims at gunpoint and also stole property from the five victims inside the business at the time of the robbery. *Id*. Moore entered a bank and indicated that he had a firearm to the teller, demanding money. *Id*. at 7. He fled the scene before receiving any money. *Id*.

Although the evidence Moore's counsel omitted would have further humanized Moore, "even if this evidence had been presented . . . , it would not have significantly altered the character of the evidence supporting mitigation." *Berryman v. Wong*, 954 F.3d 1222, 1228 (9th Cir. 2020). "Reasonable jurists could therefore conclude that admission of this evidence would not have led to a reasonable probability of a different sentence." *Id.* (citing *Cullen v. Pinholster*, 563 U.S. 170, 200-02 (2011)). The state district court was aware of Moore's social history that his mother was addicted to substances, that his mother passed away when he was 13, and that he was physically abused by his father, as presented in the PSI. As noted by the Nevada Court of Appeals, the state district court imposed a lengthy sentence in consideration of the violent offenses and the potential danger to the victims. Moore fails to demonstrate a reasonable likelihood that the sentence would have been different if counsel presented further mitigation evidence of Moore's education, intellectual capacity, or social history.

Moore is therefore denied federal habeas relief on Ground 4. To the extent Moore asserts he can overcome the procedural bar of the unexhausted portion of his claim, his claim is not substantial, and he fails to overcome the procedural default of Ground 4. The unexhausted portion of Ground 4 is dismissed as procedurally defaulted.

////

### IV. Certificate of Appealability

This is a final order adverse to Moore. Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability (COA). Therefore, I have *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002). A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether my procedural ruling was correct. *Id.*

Applying these standards, a certificate of appealability is unwarranted.

### V. Conclusion

I THEREFORE ORDER that Phillip Charles Moore's First Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 34) is DENIED.

I further order that a certificate of appealability is DENIED.

I further order the Clerk of the Court to substitute Ronald Oliver for respondent Jerry Howell, enter judgment accordingly, and close this case.

DATED this 16th day of November, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE